UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:12cr311-RJC

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| | ) | PRELIMINARY ORDER |
| v. | ) | OF FORFEITURE |
| | ) | |
| (1) FRANKIE DELLINGER, | ) | |
| Defendant. | ) | |

In the Bill of Indictment in this case, the United States sought forfeiture of criminal proceeds and property that was used or intended to be used to facilitate the crimes charged, which would be subject to forfeiture under 18 U.S.C. § 924(d), 18 U.S.C. § 981(a)(1)(C), 21 U.S.C. § 853 and Fed. R. Crim. P. 32.2(b), as well as substitute property.

Defendant entered into a plea agreement, (Doc. No. 35); subsequently pled guilty to Counts One, Six, Seven and Eight in the Bill of Indictment; and was adjudged guilty of the offense charged in those counts, (Doc. No. 37: Acceptance and Entry of Guilty Plea). In the plea agreement, Defendant has agreed to forfeit specific property as described below.

Based upon Defendant's plea of guilty and the evidence in the record, the Court finds that there is a nexus between the specific property and the offenses of conviction, or alternatively, that the assets are subject to forfeiture as substitute property for criminal proceeds under 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

It is therefore **ORDERED**:

1. The Defendant shall pay a forfeiture money judgment in the amount of $10,100,

1

representing cash payments received as criminal proceeds.

2.     The United States is authorized to seize the following property belonging to Defendant, and it is hereby forfeited to the United States for disposition according to law, provided, however, that such forfeiture is subject to any and all third party claims and interests, pending final adjudication herein:

**One Ruger .38 revolver, serial number 540-53272 and ammunition;**

**One Savage 30-60 rifle, serial number E949963 and ammunition;**

**One Savage 410 shotgun model 940 and ammunition;**

**One Ruger 380 pistol, serial number 378-01-000 and ammunition;**

**One Stevens .22 caliber rifle and ammunition;**

**One Winchester 370 16 gauge shotgun, serial number C312001 and ammunition;**

**One Steven 20 gauge shotgun, serial number 860238 and ammunition;**

**One ROHM .22 caliber revolver, serial number 45497 and ammunition;**

**One Stroeger 12 gauge shotgun, serial number 619811-09 and ammunition; and**

**One Ruger black revolver, serial number 540-54263 and ammunition.**

3.     Pursuant to 21 U.S.C. § 853(n)(1), the government shall publish notice of this order; notice of its intent to dispose of the property in such manner as the Attorney General may direct; and notice that any person, other than the Defendant, having or claiming a legal interest in any of the above-listed forfeited property must file a petition with the Court within thirty days of the final publication of notice or of receipt of actual notice, whichever is earlier. This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, shall be signed by the petitioner under penalty of perjury, and shall set

forth the nature and extent of the petitioner's right, title or interest in each of the forfeited properties and any additional facts supporting the petitioner's claim and the relief sought. The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in property that is the subject of this Order of Forfeiture, as a substitute for published notice as to those persons so notified.

4. Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture pursuant to 21 U.S.C. § 853(n).

_____
Robert J. Conrad, Jr.
United States District Judge